# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ALISON SWANSON,**

      **Plaintiff,**

**v.**                                                                                          Case No: 6:19-cv-422-Orl-31DCI

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 6) filed by the Defendant, State Farm Mutual Automobile Insurance Company (henceforth, "State Farm"), and the response in opposition (Doc. 16) filed by the Plaintiff, Alison Swanson ("Swanson").

    **I.**     **Background**

This matter arises from a first-party insurance case, filed in state court, in which Swanson sued State Farm, her insurer, alleging an improper denial of benefits. According to the allegations of the Complaint (Doc. 1-4), which are accepted in pertinent part as true for purposes of resolving this motion, counsel for State Farm in that matter (who are not representing State Farm here) engaged in misconduct during those proceedings, resulting in a mistrial. Specifically, State Farm's counsel repeatedly suggested, despite warnings from the bench, that the Plaintiff, her treating physician, and her attorneys were engaging in fraud to prevail on their claim against State Farm, although fraud had not been pled in State Farm's answer. (Doc. 1-4 at 4-5). In addition, during trial, counsel for State Farm hired a paralegal who was working for Plaintiff's counsel's

firm and who had been "intimately" involved in the preparation of Swanson's case for trial.[1] (Doc. 1-4 at 5 n. 7). The decision to grant a mistrial was affirmed on appeal; the case remains active but has not been retried.

On January 11, 2019, Swanson filed this case in state court. (Doc. 1-4). On March 5, 2019, State Farm removed it to this Court. (Doc. 1). In her Complaint, Swanson attempts to assert a single claim, for what she describes as "the willful tort of bad faith." (Doc. 1-4 at 1). By way of the instant motion, State Farm seeks dismissal on the grounds that Florida does not recognize such a tort in the context of a first-party insurance case.

## II.  Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).

## III.  Analysis

Florida law recognizes two types of actions for bad faith against insurance companies – first party and third party. A first party action is one brought directly by an insured against the

---

[1] In her order granting Swanson's motion for a mistrial, the state court judge said that although she did not find that the decision to hire the paralegal warranted disqualification of defense counsel, it was "a factor" in her decision to grant a mistrial.

insured's own insurance company for failing to promptly pay benefits due under the policy. 30 Fla. Jur. 2d *Insurance* § 3801 (2019). In contrast, a third-party action is brought by a noninsured against the insurer of another, often a tortfeasor. 30 Fla. Jur. 2d *Insurance* §3802 (2019). "Third-party bad faith consists of conduct by the liability insurer that exposes its insured to an excess judgment when the insurer could have and should have settled the claim against its insured within the policy limits." *Id.*

Florida law has long recognized common-law claims for bad faith in third-party actions. *See, e.g.*, *Auto Mut. Indem. Co. v. Shaw*, 184 So. 852, 859 (1938) ("It appears that the insurance company in the settlement of claims and in conducting a defense before the court on suits filed should be held to that degree of care and diligence which a man of ordinary care and prudence should exercise in the management of his own business."). In the first-party context, plaintiffs may assert a statutory bad faith claim against their insurers pursuant to Fla. Stat. § 624.155.[2]

In the instant case, however, Swanson is attempting to assert a common-law bad-faith claim rather than proceeding under the statute. State Farm contends that Florida law does not recognize such claims in a first-party case, such as this one.

Swanson insists that Florida law recognizes such a claim "where the insurer's actions are so egregious and so outrageous, it elevates what have been ordinarily, a simple bad faith action under § 624.155, Fla. Stat., into an independent, willful tort action." (Doc. 16 at 1). Setting aside the issue of whether the conduct described in the Complaint rises to this level, the Court concludes that Swanson is incorrect. The Florida Supreme Court has repeatedly held that the state has never recognized such a cause of action. *See, e.g.*, *QBE Ins. Co. v. Chalfonte*

---

[2] Plaintiffs may also proceed under Section 624.155 in third-party actions. *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 62 (Fla. 1995).

*Condominium Ass'n, Inc.*, 94 So. 3d 541, 547 (Fla. 2012) ("[I]t is clear that there is no common law first-party bad faith action in Florida."). *See also Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1125 (Fla. 2005) ("Traditionally and historically, the courts in this state did not, however, recognize a corresponding common law first-party action that would protect insured individuals and enable them to seek redress of harm against their insurers for the wrongful processing or denial of their own first-party claims or failure to deal fairly in claims processing.").

Swanson cites five cases in support of her contention that she can proceed with such a claim, but none of them are on point. Two of her cited cases – *Citizens Prop Ins. Corp. v. San Perdido Ass'n*, 104 So. 3d 344 (Fla. 2012) and *Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n*, 164 So. 3d 663 (Fla. 2015) – addressed statutory immunity issues unique to Citizens Property Insurance Company, which is a government entity; they did not address the possibility of overcoming Florida's longstanding prohibition on first-party common law bad-faith claims against other insurers. *Aguilera v. Inservices, Inc.*, 905 So. 2d 84, 96 (Fla. 2005) addressed the statutory immunity provided to workers' compensation carriers, not insurers generally. *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985) involved a claim for intentional infliction of emotional distress and was not a first-party action. Finally, the insurer in *T.D.S. Inc. Shelby Mutual Ins. Co.*, 760 F.2d 1520 (11th Cir. 1985) tried to argue that the plaintiff had, in effect, been allowed to pursue a common law first-party bad faith claim against it in the trial court, but the appellate court found that this had not occurred, while repeatedly reasserting Florida's prohibition against such claims.

Swanson has no response to the Florida Supreme Court's pronouncements that no common law first-party bad faith claims are permitted under Florida law. And Swanson has not cited a

single case in which a court has permitted an insured to proceed with a such a claim under Florida law.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 6) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. All pending motions are **DENIED AS MOOT**. The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 22, 2019.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE